Filed 4/2/14  P. v. Reynard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039652 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. BB834607) |
| v. | |
| DUNCAN DAVID REYNARD, | |
| Defendant and Appellant. | |

Pursuant to a negotiated disposition, Duncan Reynard (defendant) pleaded no contest to one count of committing a lewd or lascivious act on a child who was under the age of 14 years.  (Pen. Code, § 288, subd. (a).)[1]  In addition, defendant admitted that he had suffered a prior conviction within the meaning of Penal Code section 667.61, subdivision (a).  In exchange for his plea and admission, defendant was promised that the People would dismiss a second count of committing a lewd or lascivious act on a child who was under the age of 14 years and an associated strike allegation (Pen. Code, §§ 667, subds. (b)-(i) and 1170.12), and his sentence would be 25 years to life in prison.

On October 7, 2010, the court sentenced defendant pursuant to the terms of the negotiated disposition.  Over two years later, defense counsel attempted to file a notice of

---

[1]     Defendant had a prior conviction for violating Penal Code section 288, subdivision (a).

appeal, which was received by the Superior Court, but not filed.[2]  On July 8, 2013, this court granted counsel's motion for relief from default; counsel filed a new notice of appeal on July 16, 2013, in which he appealed from the judgment on the ground that the court committed sentencing error.

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On November 22, 2013, by letter, we notified defendant of his right to submit written argument on his own behalf within 30 days.  That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*Id*. at p. 110.)

*Facts and Proceedings Below*

No charging document appears in the record and the facts underlying the counts are taken from the probation officer's report.

"[T]he defendant, a dog walker for the victim's family, masturbated in front of a five year old victim, in her bedroom.  He touched her vagina and forcefully pulled her

---

[2]  A notation on the notice of appeal indicated that it was "a recreated Notice of Appeal, submitted have the original Notice of Appeal, placed in the U.S. Mail and address to the Palo Alto Courthouse on Nov. 19, 2010, disappeared."  The recreated notice of appeal is dated November 19, 2010.

hand toward his penis. The defendant had the other victim, also five years old, touch his penis approximately 10 times.

As noted, the record on appeal contains no charging document. Accordingly, we have no idea as to when defendant was charged in this case.[3] However, the record indicates that on September 10, 2008, pursuant to Penal Code section 1386, a doubt was declared as to defendant's competency to stand trial; criminal proceedings were suspended. Two doctors were appointed to evaluate defendant. Over the course of the next three months, two more doctors were appointed to evaluate defendant. Finally, in November, 2009, a court trial was held on the issue of defendant's competency to stand trial. During the trial, Dr. Martin Williams, a forensic psychologist, and Dr. Jari Larsen, a psychologist at the San Andreas Regional Center testified for the prosecution and Dr. David Berke, a clinical psychologist, and Dr. John Kincaid another clinical psychologist testified for the defense. The court had before it reports authored by Dr. Williams, Dr. Larsen and Dr. Berke and a report from a Dr. Coate who was not called as a witness.[4] Defendant's mother and brother testified for the defense and defendant's probation officers and the detective who had arrested him testified for the prosecution along with the victims' mother. At the conclusion of trial the court took the matter under submission.

On February 9, 2010, the court filed a lengthy written verdict on defendant's competency to stand trial, in which the court stated that the defense had not sustained its burden of showing that appellant was incompetent to stand trial.

Defendant entered his plea on August 10, 2010. On August 18, 2010, nunc pro tunc to February 9, 2010, criminal proceedings were reinstated. At the sentencing

---

[3]     Appellate counsel refers to a 2005 indictment that was filed in Santa Clara County Superior Court on December 16, 2005. A review of the transcript of the grand jury proceedings indicates that this was the indictment in defendant's prior case.

[4]     Originally, Dr. Coate and a Dr. Riley were appointed by the court to examine defendant. Then, Dr. Williams and Dr. Berke were appointed.

3

hearing on October 7, 2010, the court explained that following the court's acceptance of defendant's change of plea on August 10, the court had realized that following its decision finding defendant competent to stand trial on February 9, 2010, the court had neglected to reinstate criminal proceedings, although both parties and the court had proceeded from that date on as if criminal proceedings had been reinstated. The court went on to say that the matter was calendared for August 18, 2010, and defense counsel had waived his presence and agreed to the court reinstating criminal proceedings nunc pro tunc to February 9, 2010. Defense counsel reaffirmed that he had agreed to that procedure.

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. Defendant received the sentence he was promised; and the record indicates that he was informed of and knowingly and intelligently waived his constitutional rights before he entered his plea and admission.[5]

---

[5]   Defendant signed and initialed an advisement of rights, waiver and plea form, in which he was advised of and waived his constitutional rights, was advised he would have to register as a sex offender, was advised of the immigration consequences of his plea, and that he was pleading to a strike.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.